## Case No. 9,801.

### MORGAN v. GRAHAM.

[1 Woods. 124.] 1

Circuit Court, D. Louisiana. April Term, 1871.

STATES—ACTION TO RESTRAIN OFFICERS FROM ISSUING BONDS—COMMON INJURY—ADMINISTRATION OF GOVERNMENT.

1. A tax payer, who is liable to be assessed for the public taxes that will be necessary to pay the state debt and interest thereon, cannot maintain a private suit against the state officers to prevent them from executing and issuing bonds which the legislature has unconstitutionally authorized and required to be issued.

2. It is a general rule that an individual cannot maintain a private suit for an injury which he sustains in common with every other citizen.

3. The proper administration of the government in its several departments cannot be enforced by private actions brought by any tax payer or voter interested in the good government of the country.

Bill in equity heard on motion for injunction.

Miles Taylor, for complainant.
John A. Campbell, for defendant.

BRADLEY, Circuit Justice. In this case a citizen of New York, who is a tax payer of Louisiana, files his bill to restrain the governor of the state and other state officers from executing and issuing certain state bonds which the legislature has, by a special act, authorized and required them to issue. The grounds for the injunction are: 1. That the amendment of the state constitution, recently adopted, provides that prior to the 1st of January, 1890, the debt of the state shall not be so increased as to exceed twenty-five millions of dollars; and the state debt already exceeds that sum. 2. That the objects for which the bonds are to be issued are not such as the legislature has any constitutional authority to aid. The bonds are a donation to the New Orleans, Mobile and Chattanooga Railroad Company; and the legislature has no power to make such donations.

The bill assumes that a tax payer, who is liable to be assessed for the public taxes that will be necessary to pay the state debt and interest thereon, can maintain a private suit to prevent the state officers from executing and issuing bonds which the legislature has unconstitutionally authorized and required to be issued. I do not think that such a suit can be maintained. It is a general rule that a man cannot maintain a private suit for an injury which he sustains in common with every other citizen. To allow such actions would promote endless litigation. Every dissatisfied person in the community would institute an action for his supposed grievance. Public officers would be subjected to intolerable prosecution. They would be so harassed thereby, that no competent person would be willing to enter upon any office of general importance. It is not in this way that the public officers are to be called in question for a dereliction of their official duties. The proper administration of the government in its several departments cannot be enforced by private actions brought by any tax payer or any voter interested in the good government of the country. Without attempting to decide what remedy other than the force of public opinion, and liability to impeachment, may exist for the wrong which the complainant supposes is about to be committed; whether the bonds that may be issued will be void in the hands of the holders thereof; or whether the donee company may not hereafter be compelled to disgorge the money it may receive therefrom; it is sufficient to say in deciding this case that the complainant does not show any title to the relief which he seeks. The injunction must be denied, and the bill dismissed with costs.

NOTE. The proposition, that a particular individual cannot sue for a grievance which affects the entire public as well as himself, is sustained by the following cases: Doolittle v. Supervisors of Broome. 18 N. Y. 155; Roosevelt v. Draper, 23 N. Y. 318; Hale v. Cushman, 6 Metc. (Mass.) 425. But consult People v. Supervisors of Westchester Co., 57 Barb. 377; Hanlon v. Supervisors of Westchester Co., Id. 383.